UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**RSPS HOLDINGS, LLC AND SRS MILLEDGEVILLE, LLC D/B/A SHANE'S RIB SHACK**<br><br>**Defendants.** | CIVIL ACTION NO.<br><br>5:24-CV-00049-TES |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendants RSPS Holdings, LLC and SRS Milledgeville, LLC ("Defendants") unlawfully discriminated against Katherine Bates ("Bates") when they subjected her to a hostile work environment based on her sex, and unlawfully terminated her employment in retaliation for her engagement in statutorily protected conduct.

The Commission and Defendants (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

1

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendants; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. Defendants shall not engage in any employment practices which discriminate because of sex, including but not limited to, subjecting an employee to a hostile work environment based on their sex.

2. Defendants shall not retaliate against any person because of their opposition to any practice made unlawful under Title VII or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendants shall pay Bates a total settlement amount of $56,500.00 in settlement of the claims raised in this action. Payment shall be made within ten (10) business days after the Court approves this Consent Decree. Defendants shall send the settlement check(s) to Bates via overnight delivery at an address to be provided in writing to Defendants by the Commission. Defendants shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to Bates.

Neither the Commission nor Defendants shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Bates may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

   a. Within ten (10) business days of the signing of this agreement, Defendants agrees to provide to the EEOC (1) the Defendants' EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendants.

   b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3

    c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. If Bates does not receive the payments described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendants to properly transmit the same, Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. Defendants shall provide Bates with a neutral letter of reference using the form attached hereto as **Exhibit A**, hereby made a part of this Consent Decree. Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Bates at an address to be provided by the Commission. Bates is free to disseminate the letter to potential employers. Defendants shall maintain a copy of the neutral letter in Bates's personnel file and shall provide only the information contained in the letter to any individual who makes an inquiry about Bates's employment.

6.      Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall eliminate from the employment records and personnel file of Bates any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2022-06317, including but not limited to, any and all documents reflecting or referring to the alleged sexual harassment, Bates's formal or informal complaints of sexual harassment and retaliation, any discipline issued to Bates, her discharge, and the related events that occurred thereafter, including the filing of her EEOC Charge and this litigation.  Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

7.      Defendants shall revise their anti-harassment policy (the "Policy") to include the information contained within the document attached hereto as **Exhibit B**, hereby made a part of this Consent Decree. Copies of the revised Policy shall be disseminated to all of Defendants' employees within thirty (30) days of the Court's entry of this Consent Decree. Defendants shall post a copy of the revised Policy in each of their facilities, in a place where it is visible to employees. New employees shall receive a copy of the revised Policy on or before their first day of work. A copy of the revised Policy shall be included in Defendants' employee handbook. Within

forty-five (45) days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

8. During the term of this Consent Decree, Defendants shall provide an annual, mandatory training program to all supervisors, managers, and employees. Each training program shall include, at minimum: (a) an explanation of the revised Policy referenced in paragraph 7 above; (b) a description of Title VII, the types of conduct that constitutes sexual harassment and retaliation, and the laws protecting employees from sexual harassment or retaliation; and (c) a detailed explanation of Defendants' procedures for (1) employees to report and (2) Defendants to investigate allegations of sexual harassment and retaliation.

The first training program shall be completed within ninety (90) days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendants shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendants shall certify to the Commission the specific

training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendants shall conspicuously post the attached Employee Notice, marked **Exhibit C**, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

10. All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Defendants' designated representative, Graham Newsome, at gnewsome@chartwelllaw.com. If at any time during the term of this Consent Decree Defendants' designated representative changes, Defendants shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

11. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree.  The reports will include the following information:

    a. the identities of all individuals who have reported any incidents of sexual harassment or retaliation, including each person's name, address, telephone number, and position title;

    b. for each individual identified in 11.a above, explain what actions were taken by Defendants in response to the individual's report;

    c. for each individual identified in 11.a above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) since making the report; and

    d. for each individual whose employment status has changed as identified in 11.c. above, a detailed statement explaining why the individual's employment status has changed.

Defendants shall provide the social security number of an individual identified in response to 11.a. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

12. All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

8

>   Marcus G. Keegan
>   Regional Attorney
>   U.S. Equal Employment Opportunity Commission
>   Sam Nunn Atlanta Federal Center
>   100 Alabama Street, SW
>   Suite 4R30
>   Atlanta, GA 30303

13.   The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendants' premises for compliance and request copies of documents relevant to Defendants' compliance under this Consent Decree.

14.   If at any time during the term of this Consent Decree the Commission believes that Defendants are in violation of its terms, the Commission shall give notice of the alleged violation to Defendants.  Defendants shall have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15.   This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

17. Each party shall bear its own costs and attorney's fees.

April 1, 2024  *S/ Tilman E. Self, III*
_____  _____
Date  Judge, U.S. District Court
  Middle District of Georgia

The Parties jointly request that the Court approve and enter the Consent Decree:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | RSPS HOLDINGS, LLC and SRS MILLEDGEVILLE, LLC |
|---|---|
| KARLA GILBRIDE<br>General Counsel | */s/Graham Newsome*<br>Graham Newsome<br>Georgia Bar No. 815149<br>gnewsome@chartwelllaw.com |
| CHRISTOPHER LAGE<br>Deputy General Counsel | |
| MARCUS KEEGAN<br>Regional Attorney | */s/Robert Luskin*<br>Robert Luskin<br>Georgia Bar No. 004383<br>rluskin@chartwelllaw.com |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | CHARTWELL LAW<br>Chartwell Law<br>3200 Cobb Galleria Pkwy, Suite 250<br>Atlanta, GA 30339<br>Telephone: (678) 615-8377 |
| ROBYN M. FLEGAL<br>Supervisory Trial Attorney | |
| | *Counsel for Defendants* |

*/s/Matthew O'Brien*
Matthew O'Brien
Trial Attorney
Georgia Bar No. 825255
matthew.obrien@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Telephone: (470) 531-4776
Facsimile: (404) 562-6905

*Counsel for Plaintiff*

# **EXHIBIT A**

[Company Letterhead]

To Whom it May Concern:

     RSPS Holdings is the franchisee of several Shane's Rib Shack restaurants. Ms. Katherine Bates worked at our Milledgeville, Georgia location as a front-of-house employee from August 28, 2021 to December 29, 2021. In that position, Ms. Bates's primary job responsibilities included receiving and delivering customers' food orders. We wish Ms. Bates the best in her future endeavors.

                                                    Sincerely,

                                                  [Name]

## EXHIBIT B

## RIGHT TO BE FREE OF HARASSMENT AND RETALIATION UNDER TITLE VII

[Company name] is committed to respecting its employees' rights under Title VII of the Civil Rights Act of 1964 ("Title VII"). Federal law prohibits, among other things, workplace harassment because of race, color, national origin, sex (including gender identity, and sexual orientation), religion, pregnancy, disability, age (age 40 or older), or genetic information.

Harassment can take many different forms. It can involve verbal, physical, or visual conduct and can occur on or off the work site. Sexual harassment can take the form of sexual/romantic advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. Harassing behavior is unlawful when it explicitly or implicitly affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating, hostile, or offensive work environment. The harasser can be the victim's manager, a manager in another area, a co-worker, or others at the workplace, such as clients or customers.

Title VII also protects employees from being harassed or punished because they, or someone close to them (for example, a relative or close friend) have complained about, or otherwise objected to workplace harassment. Asserting one's rights under Title VII is called "protected activity," and can take many forms, including but not limited to:

- Filing or being a witness in any charge, complaint, investigation, or lawsuit stemming from allegations of workplace harassment;
- Communicating with a supervisor or manager about employment discrimination, including harassment;
- Answering questions during an employer investigation of alleged harassment;
- Refusing to follow orders that would result in harassment or discrimination; and
- Resisting sexual advances or intervening to protect others.

No manager, supervisor, co-worker, or other agent of the company will retaliate against any employee, in any way, for engaging in protected activity, regardless of the outcome of any subsequent company investigation.

Employees who have experienced any harassment or retaliation should immediately report it to his/her supervisor, operating partner [operating partner's name and contact information], or the company's CEO [CEO's name and contact info].

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RSPS HOLDINGS, LLC AND SRS MILLEDGEVILLE, LLC D/B/A SHANE'S RIB SHACK**<br><br>**Defendants.** | **CIVIL ACTION NO.**<br><br>**5:24-CV-00049** |

# EMPLOYEE NOTICE

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission, RSPS Holdings, LLC and SRS Milledgeville, LLC ("Shane's Rib Shack Franchisee") in a case alleging discrimination on the basis of sex, as well as retaliation. Specifically, the U.S. Equal Employment Opportunity Commission alleged that Shane's Rib Shack Franchisee subjected an employee to sexual harassment from a manager, then terminated her in retaliation for complaining about such. As part of the settlement, Shane's Rib Shack Franchisee agreed to pay monetary damages to the employee and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3. Shane's Rib Shack Franchisee will comply with such federal law in all respects. Furthermore, Shane's Rib Shack Franchisee will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M. Street, N.E.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

5. This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2026.